CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 12 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROGER H. VIAR, SR.,<br><br>*Defendant.* | CRIMINAL CASE NO. 6:03-CR-30073<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Roger H. Viar, Sr.'s Motion for Judgment of Acquittal Notwithstanding the Verdict, filed April 13, 2005. For the reasons stated below, the Court DENIES Defendant's Motion.

Following a three-day trial, a jury convicted Defendant of one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine and one count of possession of methamphetamine with the intent to distribute. The jury also found that the government was entitled to forfeiture of a $500,000 money judgment, $40,000 in currency, and three tractor-type trucks seized from Defendant's business. Defendant now moves for a judgment of acquittal notwithstanding the verdict.

In a motion for a judgment of acquittal, the defendant has a heavy burden in asking the court to overturn the jury verdict. A court must uphold a jury's verdict as long as "there is substantial evidence, taking the view most favorable to the government, to support it." *United States v. Smith*, No. 95-5278, 1996 WL 423060, at *1 (4th Cir. July 30, 1996) (quoting *Glasser*

*v. United States*, 315 U.S. 60, 80 (1942)). The Court must view the evidence in the light most favorable to the government and "accord the benefit of all reasonable inferences to the government." *United States v. Wimberly*, No. 93-5420, 1995 WL 1539, at *1 (4th Cir. Jan. 3 1995).

Keeping this standard in mind, the Court turns to Defendant's arguments. Defendant first argues that there is insufficient evidence to convict him of the conspiracy to distribute methamphetamine charged in Count One of the indictment. The charged conspiracy began in 1996 and continued until the return of the indictment in July 2004, and involved 500 grams or more of a mixture or substance containing methamphetamine. Defendant argues that the evidence presented by the government at trial does not establish that Defendant was involved in the *overall* conspiracy charged in Count I of the indictment. Defendant argues that the government's evidence, in the form of testimony from co-conspirators James Davis, Clayton Keyes, Jeremy Carroll, John Preas, and James Mitchell, only established that he was responsible for distributing eight to ten ounces of methamphetamine over several months in late 2002 or early 2003. Defendant argues that such a small amount over such a short time period would not prove that he was involved in the overarching conspiracy.

Defendant also argues that the government's evidence, at best, established that he was involved in a conspiracy with Jeffrey Roatenberry and Eddie Evans, but not that he was involved in the overall conspiracy. Defendant was charged with involvement in a conspiracy to distribute methamphetamine with James Davis and his associates. The government presented evidence that Davis and his associates were primarily supplied methamphetamine by a California connection. Defendant argues that there was no evidence that connected Roatenberry or Evans to James Davis or the California connection. Similarly, Defendant argues that there was no

evidence connecting Roatenberry or Evans to James Mitchell and John Preas, alleged co-conspirators of Defendant. Defendant argues that at most, the government's evidence may have established that he was a member of a conspiracy with Roatenberry and Evans, but this evidence does not prove his involvement in the overall conspiracy. Further, Defendant argues that the testimony of Roatenberry, the government's primary witness linking Viar to the conspiracy, was unbelievable because of multiple inconsistencies in his testimony. Therefore, Defendant argues that the government's evidence was insufficient to prove he was involved in the *overall* conspiracy charged in Count One of the indictment.

The Court finds that the government's evidence is sufficient to establish Defendant's involvement in the conspiracy charged in Count One of the indictment. Six government witnesses testified as to Viar's distribution of methamphetamine and his involvement in the conspiracy. This testimony established that Defendant was distributing methamphetamine to multiple buyers. The government also presented evidence linking James Davis and his suppliers in California to Virginia residents, including Defendant Roger Viar. This evidence included Davis's testimony that he had purchased methamphetamine from Defendant on multiple occasions. Davis's testimony was corroborated by the testimony of Jeremy Carroll. Davis's testimony provided the necessary link connecting Defendant to the overall conspiracy. The government is not required to prove each and every transaction of the conspiracy, as a conspiracy can be established by circumstantial evidence. Although Defendant argues that Roatenberry's testimony was unbelievable and must be discarded, this was a question of credibility that was for the jury to decide. Roatenberry's testimony was not so unreliable or riddled with inconsistencies that no rational trier of fact could believe him. Accordingly, because the government provided evidence linking Defendant to the overall conspiracy, the

Court finds that the conspiracy verdict is supported by substantial evidence.

Next, Defendant argues that there is insufficient evidence to convict him of possession of methamphetamine with the intent to distribute, as charged in Count Two of the indictment. The government presented evidence that the police found Defendant in his vehicle with approximately one ounce of methamphetamine and $26,000. Defendant presented evidence that he often keeps a large amount of cash from his logging business in his vehicle and that he had won a large amount of cash in Atlantic City the weekend before the police searched his vehicle. Defendant argues that because there was another explanation for the large amount of cash in his vehicle, because the amount of methamphetamine found in his vehicle was more consistent with use than distribution, and because no items of packaging or other items consistent with distribution were found in the vehicle or on person, there is insufficient evidence to support the jury's conviction of possession with the intent to distribute.

Defendant submitted these arguments regarding Count Two to the jury. The jury, however, rejected Defendant's arguments when it found him guilty of possession with the intent to distribute. Defendant was found in his car with methamphetamine and a large amount of cash. The amount to distribute can be inferred from both a large amount of cash and the amount of drugs found. *See United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990). The jury reasonably inferred from both of these, and from the government's other evidence regarding the Defendant's involvement in the overall conspiracy, that Defendant possessed the drugs with the intent to distribute. Thus, the Court finds that the possession with the intent to distribute conviction is supported by sufficient evidence.

Finally, Defendant argues that there is insufficient evidence to support the jury's forfeiture verdict. In order to meet its burden on a forfeiture count, the government must prove

by a preponderance of the evidence that it is more likely than not that the money or property to be forfeited was acquired or financed as a result of the drug offense. Defendant argues that the government failed to meet this burden.

Regarding the $40,000 in currency, Defendant argues that he established a legitimate source for the cash found in his car at the time of his arrest—his logging business and the aforementioned gambling proceeds. Defendant made this argument to the jury, but they still concluded that it was more likely than not that the money resulted from the drug offense. It was reasonable for the jury to reach this conclusion given the government's evidence that large amounts of cash were found stashed in Defendant's personal vehicles and that Defendant used these vehicles to complete drug transactions. Therefore, there was sufficient evidence to support the jury's forfeiture verdict of the $40,000 in currency.

Regarding the three tractor-trailers trucks, Defendant argues that the only testimony that established that he had used the trucks to promote or facilitate drug trafficking was that of Jeffrey Roatenberry, who testified that he had used drugs with the Defendant in the trucks at issue. Defendant argues that the testimony of Roatenberry was not reliable, and thus no reasonable trier of fact could find that his testimony supported a forfeiture verdict of the three tractor-trailer trucks. Defendant made the argument regarding Roatenberry's credibility to the jury. The jury, however, chose to believe Roatenberry, at least to the extent of their finding on the forfeiture of the trucks. Roatenberry's testimony was not so riddled with inconsistencies that no reasonable trier of fact could choose to believe his testimony. Accordingly, the jury's forfeiture verdict of the three trucks is supported by substantial evidence.

Finally, with respect to the $500,000 money judgment, Defendant argues that there was insufficient evidence to support a finding of this amount. Defendant argues that the government

introduced no evidence of proceeds for the charged conspiracy other than the amount received by Defendant from James Davis, James Mitchell and John Preas. Defendant further argues that the evidence from Roatenberry as to gross proceeds generated by the conspiracy cannot be considered as evidence because his testimony was not reliable. Thus, Defendant argues that the evidence presented by the government does not support a forfeiture verdict of $500,000.

Co-conspirators in a drug conspiracy are jointly and severally liable for all proceeds obtained by the conspiracy. *United States v. Bollin*, 264 F.3d 391 (4th Cir. 2001). In this case, Defendant only was liable for any proceeds of the conspiracy which were *reasonably forseeable* to him. The government presented evidence that the conspiracy was responsible for the distribution of at least fifteen kilograms of methamphetamine. The government offered testimony from several co-conspirators as to the prices they paid for and obtained for methamphetamine. Using these prices, the gross proceeds of the conspiracy (for fifteen kilograms of methamphetamine) are well in excess of $500,000. The government also argued that the scope of the conspiracy was forseeable to Defendant. Based on the government's arguments and its evidence, it was reasonable for the jury to conclude that Viar was responsible for a $500,000 money judgment. Although Defendant argues that some of the government's witnesses, especially Roatenberry, were not reliable, the jury reasonably made a decision to believe these witnesses. The testimony of these witnesses was not so unreliable and riddled with inconsistencies that no rational trier of fact could believe their testimony. Thus, it was reasonable for the jury to conclude that the conspiracy was responsible for at least $500,000 and that this amount was reasonably forseeable to Defendant.

The Court hereby finds that the jury verdict was supported by substantial evidence. The Court DENIES Defendant's motion for acquittal. An appropriate order shall issue.

The Clerk of the Court is hereby directed to send a copy of this Memorandum to all counsel of record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

May 12, 2005
Date