# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal Action No. 6:03-cr-30073-13** |
| | ) | **(§ 2255 Civil Action No. 6:08-cv-80116)** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **ROGER H. VIAR.** | ) | **By: Norman K. Moon** |
| | ) | **Senior United States District Judge** |

Petitioner Roger H. Viar, Sr., a federal inmate (federal register no. 10611-084), brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 677).[1] The United States filed a motion to dismiss (docket no. 689), to which Viar filed a response, and the matter is ripe for disposition. Also before the court is Viar's motion for an evidentiary hearing (docket no. 700). For the reasons stated herein, the court will grant the government's motion, and will deny Viar's § 2255 motion and his motion for a hearing.

## I.

A superseding indictment, dated July 7, 2004, charged Viar and seven co-conspirators with taking part in a wide-ranging conspiracy to distribute methamphetamine. Viar was charged with distributing narcotics in violation of 21 U.S.C. § 846 and possession of narcotics with intent to distribute in violation of 21 U.S.C. § 841. The superseding indictment also included a special count of criminal forfeiture pursuant to 21 U.S.C. § 853. Viar retained counsel and, unable to

---

[1] Viar originally filed pro se, but claimed to have benefited from legal counsel, beginning his brief with the statement "[c]omes now[,] the Petitioner, Roger Viar, Sr., with the assistance of legal counsel from US Freedom Foundation ("USFF"). . . ." Docket no. 678 at 1. Subsequent to that filing, different counsel entered a notice of appearance in compliance with this district's rules.

reach a plea agreement, proceeded to trial. A jury found Viar guilty on both counts and found that $500,000 in proceeds were attributable to the conspiracy and that various assets of Viar's were subject to criminal forfeiture.[2] On January 30, 2006, I sentenced Viar to 188 months of imprisonment.[3] Viar appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the conviction and sentence on May 5, 2008, and the Supreme Court of the United States declined to review the case. United States v. Viar, 277 F. App'x 266 (4th Cir. 2008) (unpublished), cert. denied, 129 S. Ct. 295 (2008).

## II.

To state a claim for relief under § 2255, the petitioner must show that one of the following occurred: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such a sentence"; (3) that "the sentence was in excess of the maximum authorized by law"; or that it (4) "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). A court may rule on the basis of the filings if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. Here, because the motion to dismiss relies on materials outside of the pleadings, the motion must be treated as a motion for summary judgment. A motion for summary judgment may be granted when "there is no genuine issue as to any material fact" and

---

[2] Viar entered into an agreement to settle the forfeiture with the government, pursuant to which I entered a final order of forfeiture on January 26, 2006.

[3] During trial and after the jury returned verdicts, Viar filed motions for acquittal. I denied Viar's motions, denying the motion for judgment notwithstanding the verdict by written opinion, entered on May 12, 2005.

"the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986).

Viar claims that he is entitled to relief because of ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, Viar must meet a two-prong standard. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. In making such a case, a petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. Second, he must show prejudice, i.e. "a reasonable probability" that but for counsel's errors the outcome would have been different. Id. at 694.

The Strickland performance and prejudice test is applicable for counsel at the appellate level as well. Murray v. Carrier, 477 U.S. 478, 488 (1986). With regard to appellate counsel, there is no constitutional duty to raise every non-frivolous issue requested by defendant "if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983).

### III.

Upon review of the record, the pleadings, and other materials submitted by the parties, Viar's claims do not survive summary judgment.

A.      Alleged Violation of the Sixth Amendment Right to Counsel

Viar claims that the government placed cooperating witnesses in Viar's cell in an attempt to elicit information from him in violation of his Sixth Amendment right to counsel. He further

claims that counsel were ineffective for failing to seek dismissal of charges due to this alleged prosecutorial misconduct and that, had counsel moved for a mistrial based on such misconduct, his case would have been dismissed.  The government argues that the uncontroverted record shows no government misconduct entitling Viar to relief.  Viar's claim fails because he does not demonstrate that trial counsel acted unreasonably:  after investigation, counsel concluded that there was no basis for a motion for a mistrial and, indeed, Viar has not established that there was one.[4]

Incriminating statements purposely elicited from an indicted defendant outside of the presence of counsel are not admissible at trial.  United States v. Massiah, 377 U.S. 201, 207 (1964); United States v. Love, 134 F.3d 595, 604 (4th Cir. 1998).  However,

> [t]he role of the government in the deliberate elicitation of such statements is of crucial importance, for "the Sixth Amendment is not violated whenever – by luck or happenstance – the State obtains incriminating statements from the accused after the right to counsel has attached."

Love, 595 F.3d at 604 (quoting Maine v. Moulton, 474 U.S. 159, 176 (1985)).  Where the government has purposely obtained incriminating statements, counsel may file for suppression of the inappropriately obtained testimony.  See, e.g., United States v. Whisonant, 229 F.3d 1145 (Table), 2000 WL 1186982 *4-6 (4th Cir. 2000).  However, attorneys have no duty to bring motions where there is no obvious basis for a claim.  See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987).

---

[4] Viar alleges that counsel failed to make a viable claim for dismissal of charges.  Suppression is the appropriate remedy, at least pre-trial, when Viar claims to have become first aware of the factual basis for the alleged violation.  Accordingly, he has not set forth a basis showing that he was entitled to the dismissal of all charges.

Viar's counsel were not ineffective for failing to bring a suppression motion, because they were not on notice that a viable <u>Massiah</u> claim existed. In affidavits, trial counsel report that government attorneys said the movement of trial witnesses to Viar's cell was inadvertent. Docket no. 689, exhibit B at 1, exhibit C at 1. Further, trial counsel were not aware that Viar made any incriminating statements to the witnesses, as Viar informed them that he refused to talk to the witnesses. <u>Id</u>. After observing the trial, Viar did not report to trial counsel that any of the testimony was drawn from incriminating statements that he had made. Docket no. 689, exhibit B at 1. Indeed, Viar's own affidavits submitted to the court do not allege that he communicated with the witnesses. Rather, he claims that trial witnesses could only have gotten their trial testimony from him. However, Viar lacks the personal knowledge required to make such an assertion. Indeed, it is odd that Viar makes so many assertions about the knowledge of third parties, while failing to make a crucial assertion that should be well within his own knowledge: namely, that he communicated with the witnesses in jail.

Viar attempts to counter this by arguing that his attorneys have made inconsistent statements because they previously informed the court at a hearing that they "assumed" the movement of the witnesses was for talking purposes. Transcript of Nov. 29, 2004 Hrg., on file with the court, at 20. The attorneys' use of the term "assume" clearly indicates a lack of certainty. As such, counsel's later statements based on discussions with the government are not undercut by counsels' prior assumptions, nor do they create a genuine issue of material fact.

Finally, Viar states that his attorneys never told him that the government could not put witnesses in his cell, and that had he known it, he would have insisted that they move to dismiss the charges. Even accepting this assertion, Viar cannot show that his attorneys acted unreasonably because it is not illegal for witnesses to be housed with Viar. Rather, it is illegal

for the government to use such witnesses in a deliberate attempt to get information from Viar outside of the presence of counsel.  Love, 134 F.3d at 604.  The uncontroverted statements of his attorneys demonstrate that they had no basis to believe this happened.  Accordingly, this ineffective assistance of counsel claim is denied.

B.    Alleged Violation of the Speedy Trial Act

Viar claims that his attorneys were ineffective for failing to move for dismissal of his charges due to an alleged violation of the Speedy Trial Act, 18 U.S.C.A. § 3161 et seq (1994), amended by 18 U.S.C. 3161(7)(A)&(B) (Supp. II, vol. 2 2006), and for agreeing to continuances that Viar allegedly would have opposed.[5]  Again, Viar's claims fail because attorneys have no duty to bring motions where there is no obvious basis for a claim.  Clanton, 826 F.2d at 1359. As the government notes, there was no violation of Viar's rights under the Speedy Trial Act because the trial was properly continued and thus his attorney had no duty to seek dismissal of the charges.  Moreover, even if Viar's trial attorneys had objected to the exclusion of time under the Speedy Trial Act, Viar cannot show that there is a reasonable probability that the outcome of the case would have been different, because the charges against him need not have been dismissed.  Thus, he cannot demonstrate prejudice.

The Speedy Trial Act requires that defendants who plead not guilty be tried within seventy days of the later of the public filing of the indictment or the defendant's appearance before the court.  18 U.S.C.A. § 3161(c)(1).  However, "[a]ny period of delay resulting from a

_____

[5] The government argues that any direct challenge under the Speedy Trial Act has been procedurally defaulted because it was not raised on direct appeal.  In response, Viar argues that he brings only ineffective assistance of counsel claims, which are appropriately raised on collateral review.  Docket no. 695 at 4-5. Accordingly, only ineffective assistance of counsel claims are considered herein.

continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government" may be excluded from the seventy day count "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161(h)(8)(A). The record of a trial court must demonstrate that the court weighed the costs and benefits of a continuance contemporaneously with its granting of the continuance. 18 U.S.C.A. § 3161(h)(8)(A)&(B); United States v. Zedner, 547 U.S. 489, 502-09 (2006); United States v. Keith, 42 F.3d 234, 238 (4th Cir. 1994).[6]

The record in this case indicates compliance with the provisions of the Speedy Trial Act. On July 15, 2004, Viar first appeared and the indictment was unsealed. Docket nos. 167, 171. The government made a timely motion to continue the case on September 16, 2004. Docket no. 258. I granted the motion after making specific findings about the complexity of the case and pending discovery orders, setting trial for October 14, 2004. Docket nos. 264, 265. Thereafter, both the defendant and the United States moved for a further continuance. Docket nos. 267, 271. By orders dated October 15 and 27, 2004, I continued the trial to April 5, 2005, reasoning that, pursuant to the Speedy Trial Act, the ends of justice required the continuance and that the case was "complex." Docket nos. 272, 280. Viar's trial commenced on April 5, 2005. I granted timely motions to continue and set forth reasons for the continuances specified by the Speedy Trial Act, and any delay beyond the seventy days was "resulting from a continuance granted by the court." 18 U.S.C.A. § 3161(h)(8)(A).

_____

[6] Viar attempts to categorize the continuances in his case with the prospective waiver found problematic in Zedner, 547 U.S. at 489. Viar's waiver was not, however, a prospective waiver. Rather, the continuances granted were rooted in specific findings based upon the parties' then-existing needs. In contrast, the waiver in Zedner was "for all time." Id. at 494 (internal quotations omitted).

In spite of this straightforward record, Viar claims that his attorney was ineffective for not seeking dismissal of the charges on the basis that the court did not find that the case was complex with sufficient specificity. However, the continuances – and the orders granting the continuances -- complied with the Speedy Trial Act. I weighed the interests of the defendants and the public against the need for additional time in this matter. For example, the order of October 6, 2004, observed that the defense needed more time to review evidence and determine which motions to bring. Docket no. 264 at 1. I stated that, "without such additional time, defense counsel would not be able to effectively present their respective clients at trial." Id. I further found that "this case is 'complex' within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act." Id. at 2.

Viar counters that the question presented in the case was not complex, but was a simple binary matter of whether Viar sold drugs, arguing that "Mr. Viar either sold drugs or he didn't." Docket no. 695 at 10. This significantly misstates the questions at issue in the prosecution. As the government set out in its initial motion to continue, the prosecution "charge[d] 8 defendants with a long running conspiracy." Docket no. 258 at 6. The government argued that "[t]he sheer number of defendants, nature of the evidence, and time frame of the conspiracy justifies this Court's exclusion of time from the Speedy Trial calculation." Id. Viar's own counsel echoed similar reasoning in their motion to continue, dated October 14, 2004. Docket no. 271. Given my reasons for deciding to exclude the case from the Speedy Trial Act, the government's persuasive case for exclusion from the Act, and Viar's counsels' own request, Viar cannot demonstrate any basis for objection. Thus, he cannot demonstrate that his trial counsel were unreasonable for failing to seek dismissal of his charges under the Speedy Trial Act.

Alternatively, Viar argues that had he been consulted, he would have rejected any attempt to continue the trial. He now claims that his attorneys did not discuss his right to a speedy trial or any continuance motions with him. The parties dispute whether counsel discussed the continuance with Viar, but it does not matter, because Viar's claim is legally irrelevant. As the noted in <u>Merica v. United States</u>, Civil Action No. 7:07-cv-00350, 2007 WL 4561298 *3 n. 2, (W.D. Va. Dec. 21, 2007), the decision regarding whether to go to trial or seek exclusion of time under the Speedy Trial Act is a tactical decision that counsel may make. As such, the failure to consult regarding the issue does not rise to a constitutional violation. <u>Id.</u> Thus, Viar cannot show that his counsel acted unreasonably.

Finally, although the court need not reach the prejudice prong of <u>Strickland</u>, I nonetheless observe that Viar cannot show prejudice, because objections by defense counsel would not have led to the dismissal of charges.[7] The government moved for the first continuance within the seventy day period, and there was sufficient time for the court to deny the motion within that timeframe. Had the motion been objected to, and had the court decided to deny the motion, Viar could have been tried within the original seventy day period. Thus, Viar cannot show a reasonable probability that even if counsel had consulted him and then objected, pursuant to his insistence, he would have been entitled to dismissal of the charges. Moreover, the record suggests that it would have been problematic for Viar's attorneys to object to the continuance as they needed time to get basic discovery and to prepare for trial. Accordingly, this claim of ineffective assistance of counsel is denied.

---

[7] Viar cites <u>United States v. Henry</u>, 538 F.3d 300 (4th Cir. 2008) for the proposition that it is improper to exclude time from the Speedy Trial Act when the government has been slow to produce documents. In fact, that is not what <u>Henry</u> held. Rather, <u>Henry</u> emphasizes that a district court must conduct an ends of justice balancing analysis when it excludes time from the Speedy Trial Act. <u>Id.</u> at 305-06.

C.    Advice Regarding Decision to Proceed to Trial

Viar claims that, had his attorneys advised him that he could plead guilty without the benefit of a plea agreement, he could have pleaded guilty for selling drugs and thus received a reduction in his sentence for acceptance of responsibility. Viar misstates the options that were available to him, and thus his claim is denied.

Prior to proceeding to trial, Viar admitted involvement in illegal drug sales, but would not admit the drug amount charged in the superseding indictment. He and the government could not reach a deal in a plea agreement, so Viar ultimately pleaded not guilty and was convicted by a jury. At sentencing, I did not lower Viar's federal sentencing guidelines calculation for acceptance of responsibility. Viar challenged this on direct appeal, and the Fourth Circuit affirmed the sentence. Viar now claims that if counsel had properly advised him, he could have avoided this situation by pleading guilty to dealing drugs, but not to the drug amount.[8] This gives rise to Viar's ineffective assistance of counsel claim, as Viar states in brief that his trial counsel "informed him that he had no choice but to either admit to the 15 kilograms or proceed to trial." Docket no. 695 at 15.

Given the government's unwillingness to decrease the drug amount, Viar could either admit to the amount of drugs in count one of the indictment or proceed to trial. There was no third option. Viar could not plead guilty to that count without admitting a drug amount because count one set out a range of drug amounts. Docket no. 147. Given the options actually available to him, Viar made his choice and cannot now show that it was not knowing or voluntary.

---

[8] The parties dispute whether counsel informed Viar that he could plead guilty without the benefit of a plea agreement. Viar should have been aware that he could choose to plead guilty because he was advised of the available pleas during his arraignment.

Viar could have pleaded guilty to count two of the indictment, which did not contain a drug amount. However, Viar cannot show that there is a reasonable probability that the outcome of his case would have been different had he pleaded guilty to that count, because he still would have been in the situation of denying conduct for which he was convicted. Thus my reasons for denying him a reduction for acceptance of responsibility would still have been applicable. Additionally, Viar has already litigated my decision not to give him acceptance of responsibility points on direct appeal. Once an issue has been fully considered and decided by the court of appeals, a defendant cannot re-litigate that issue before the district court under § 2255. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The Fourth Circuit held that, although Viar admitted to dealing drugs, he was not entitled to points for acceptance of responsibility. Accordingly, this claim is also denied.

D.     Failure to Move for Mistrial After Co-Defendant's Guilty Plea

Viar claims that counsel was ineffective for failing to move for a mistrial when a co-defendant pleaded guilty after the commencement of a joint trial. In light of the government's argument that Viar was not prejudiced by the admission of this testimony, and that some of it was even helpful to Viar, Viar has conceded that he could not sustain this claim. Docket no. 695 at 17. Accordingly, this claim is dismissed.

E.     Failure to Appeal Evidentiary Support for Forfeiture Verdict

Viar argues that his counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the $500,000 forfeiture verdict against Viar.[9] Specifically, Viar argues:

---

[9] Viar's seventh claim, discussed infra, also involves the forfeiture verdict. The government argues that the seventh claim is not properly raised under 28 U.S.C. § 2255 because Viar does not attempt to disturb the forfeiture verdict. There is conflicting authority as to whether this court has jurisdiction over forfeiture claims under habeas

(continued. . .)

[h]ad appellate counsel argued that the government's evidence was insufficient to sustain the $500,000 forfeiture, by using the same facts and evidence found in the record, there is more than a reasonable probability that the appeals court would have vacated the verdict for Count Three, and/or remanded for resentencing based on the amount of drugs that could be attributed to Mr. Viar from a corrected forfeiture order.

The government argues that counsel was not ineffective for not specifically challenging this on direct appeal for a variety of reasons, including that it would have violated an agreement with the government and would likely have failed on the merits.

Counsel did not act unreasonably. As previously noted, counsel are not obligated to raise every potentially meritorious claim on direct appeal. Indeed, "[c]ounsel's failure to pursue a basis for appeal by reason of a mere miscalculation of the likelihood of success does not constitute constitutionally ineffective representation." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). However, in this case there was no miscalculation. Counsel made a strategic judgment in selecting other claims to raise, because challenging the forfeiture agreement on direct appeal would have breached an agreement that Viar made with the government, and such a claim was unlikely to succeed.

Viar entered into an agreement with the government to satisfy the forfeiture verdict. The record shows that Viar wanted to settle his forfeiture with the government so that he could enable a new corporation involving a family member to buy Viar's logging company. Docket no. 689, exhibit H at 1. Additionally, Viar was motivated to enter a settlement because approximately

---

corpus. Compare, United States v. Berry, 118 F. App'x 744, 746 n. 2 (4th Cir. 2006) (in dicta states that claim may be raised on collateral attack) with Shifflett v. United States, 7:06-cv-00404, docket no. 22 (W.D. Va. Jun. 13, 2007) (unpublished order) (court lacks jurisdiction over Strickland challenge of a criminal forfeiture judgment under 28 U.S.C. § 2255); Shifflett v. United States, 2009 WL 86485, 7:06-cv-00406 *1 n. 2 (W.D. Va. Jan. 6, 2009). Because it is clear that Viar's claims are outside of the scope of those properly asserted under Strickland, they are denied on that ground.

twenty families relied on income from that logging business.  Id. at 1-2.  Accordingly, on January 26, 2006, this court entered a final order of forfeiture formalizing an agreement between Viar and the government under which Viar waived the right to "appeal or otherwise challenge the jury's findings as to the forfeiture."  Docket no. 689, exhibit G at 1.  Had Viar breached that agreement, the government could have pursued forfeiture through other methods.

In addition to this risk, trial counsel had other reasons for making the tactical decision to raise other grounds on direct appeal.  Specifically, the court had already denied a motion for acquittal notwithstanding the verdict.  Given that the Sixth Amendment allows counsel on direct appeal the discretion to select particular arguments, Viar cannot show legally cognizable grounds establishing that counsel acted unreasonably.

Moreover, even if Viar could show that counsel acted unreasonably, Viar could not meet the prejudice prong of Strickland, as there is not a reasonable probability that the Fourth Circuit would have overturned the forfeiture verdict.  The court had already rejected the factual basis Viar would have relied upon.  Viar, 277 F. App'x at 273-77.  There is no reason to think that the Fourth Circuit's rejection of that evidence would have been any different with regard to the forfeiture amount.  Accordingly, this claim is denied.

F.      Alleged Failure to Appeal Sentencing Decision

Viar claims that counsel was ineffective for failing to challenge the district court's decision to deny Viar points for acceptance of responsibility.  Viar characterizes the sentencing court's decision as "based entirely on a sentencing factor."  Docket no. 678 at 19.  The government argues that Viar's claim should be dismissed because counsel argued on direct appeal that Viar should have received points for acceptance of responsibility and lost.  In response, Viar argues that this issue is not barred by the Fourth Circuit's decision on direct

appeal because his counsel did not contest a particular statement made by the court at sentencing. Specifically, Viar argues that his direct appeal should have focused on the court's determination that Viar was not entitled to points for acceptance of responsibility "'because he has not accepted responsibility to the extent that the jury found him guilty.'" Id. (quoting Sentencing Hearing at 17).

This claim fails, because Viar's trial counsel in fact raised the issue he now urges should have been raised. Viar's counsel argued here in the district court that Viar should have received points for acceptance of responsibility even though he proceeded to trial. Counsel also raised this issue on appeal. Indeed, the Fourth Circuit decision explicitly contemplates the grounds Viar now complains of, deciding that:

> Viar did not accept responsibility for the conduct the jury attributed to him, and continued to deny the extent of his involvement. As a result, the district court did not err in finding that Viar had failed to accept responsibility for his criminal conduct and in denying him the adjustment sought.

Viar, 277 F. App'x at 277.

Alternatively, even if there were a distinction between the instant contention and that put forth before the appeals court, counsel did not act unreasonably, as counsel is not obligated to raise every non-frivolous claim. Furthermore, counsel may make tactical decisions, such as deciding how to frame their arguments and whether to target particular parts of a transcript. Counsel attempted to have Viar's sentence reduced based on his acknowledgment that he had sold drugs. Accordingly, counsel did not act unreasonably.

Finally, given that the Fourth Circuit actually considered the substance of the sentencing decision, Viar cannot show prejudice as he already raised this claim and lost. Viar makes no showing that a different framing of the issue might have succeeded. Thus, this claim of ineffective assistance is denied.

G.    Advice Regarding Forfeiture Amount

Viar claims that he was denied effective assistance when counsel allegedly advised him that, by paying the whole forfeiture amount, he would receive a sentence reduction, when in fact no reduction had been negotiated.  The government argues that this claim is outside the scope of the claims properly raised in habeas corpus.  In response, Viar argues that he is not attempting to undermine the forfeiture award, but rather argues that "this claim deals solely with whether Mr. Viar's counsel was constitutionally ineffective for urging Mr. Viar to pay the forfeiture amount for the entire conspiracy in exchange for sentence reduction – when no such sentence reduction had been negotiated."  Docket no. 695 at 22-23.

Viar's claim fails because he cannot make out a successful Strickland claim.  Accepting the facts in the light most favorable to Viar, he suffered three harms: he was deprived of negotiations seeking a reduction in sentence in exchange for paying the forfeiture verdict; he agreed to waive the right to appeal the forfeiture verdict; and he lost the value he put towards the monetary judgment.  Viar's claim fails because none of these harms establish Strickland prejudice.

In the first instance, criminal defendants have no constitutionally protected right to a plea bargain.  Field v. Maryland, 956 F.2d 1290, 1297 n.19 (4th Cir. 1995).  Thus, the alleged failure to obtain a reduction in sentence in this case does not rise to the level of a constitutional deprivation.  Furthermore, Viar argues that he was prejudiced by the agreement to pay the United States $500,000 in settlement of the criminal forfeiture order against him.  The record suggests, however, that Viar in fact benefited from the agreement, because he was able to arrange the sale

of his logging business by settling with the government. More importantly, Viar cannot demonstrate any prejudice for paying an amount he was legally obligated to pay.[10] Moreover, Viar has not submitted any legal grounds to show that he should not have been responsible for the entire monetary judgment. Rather he suggests regret for not appealing the forfeiture verdict. However, this third ground fails, as previously explained, <u>supra</u>, in section III. E. of this opinion. Viar cannot show that counsel was unreasonable for failing to raise that issue on direct appeal, given my previous ruling on Viar's earlier challenge to the forfeiture judgment, raised in his motion for acquittal. <u>See</u> docket no. 443. Further, Viar cannot show prejudice, as there was not a reasonable probability that the Fourth Circuit would have vacated the verdict, given its analysis of the evidence Viar would have relied upon. Accordingly, this final claim is denied.

---

[10] The jury instructions noted that the monetary judgment was a joint and several liability of the criminal defendants. Docket no. 414. <u>See</u> <u>United States v. McHan</u>, 101 F.3d 1027, 1042-43 (4th Cir. 1996) (criminal conspirators vicariously liable for proceeds received by co-conspirators where jointly and severally undertook criminal activity). Viar paid some money rather than forfeit particular illiquid assets. However, this alleged harm does not rise to a constitutional violation.

## IV.

For the foregoing reasons, the court will **GRANT** respondent's motion for summary judgment and **DENY** petitioner's § 2255 motion. Additionally, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" under 28 U.S.C. § 2255, Viar's motion for an evidentiary hearing is **DENIED**. Further, finding that Viar has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**. An appropriate order will be entered this day.

**ENTER**: This _15ᵗʰ_ day of July, 2010.

Norman K. Moon
SENIOR UNITED STATES DISTRICT JUDGE